UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ALEXANDER GREGORY on behalf of himself and
all other similarly situated consumers

                              Plaintiff,

       -against-

AMERASSIST, INC.

                              Defendant.
_____

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Alexander Gregory seeks redress for the illegal practices of Amerassist, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2. Plaintiff is citizen of the State of New York who resides within this District.

3. Plaintiff is consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Columbus, Ohio.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

## *Allegations Particular to Alexander Gregory*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about August 15, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter stated the "Amount Claimed:" as $782.77, "Client Collection Charge:" as $12.00, and the "Total Due:" as $794.77.

13. The Defendant's statement in said letter of the "Client Collection Charge" is unlawful.

14. The Collection Fee represented the Defendant's anticipated compensation for collecting on the said account.

15. Upon information and belief, any demanded of a "Client Collection Charge" was not incurred by the Defendant.

16. The said Collection Fee was arbitrarily created by the Defendant in order to collect unearned fees and to intimidate class members into paying the "Total Due" for fear that they would otherwise be liable for more Collection Fees. The Defendant was aware that it had not incurred the Collection Fee.

    See. <u>Kojetin v. C U Recovery, Inc.</u>, 212 F.3d 1318, 2000 U.S. App. LEXIS 10944 (8th Cir. Minn. 2000) (per curiam). ("agree[ing] with the district court's conclusion that [the collection agency] violated the FDCPA when it charged [the debtor] a collection fee based upon a percentage of the principal balance that remained due rather than the actual cost of the collection.") See <u>Richard v. Oak Tree Group, Inc.</u>, 614 F. Supp. 2d 814, 2008 U.S. Dist. LEXIS 10369 (W.D. Mich. 2008)

17. The representation that Collection Charges are owed violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1).

    <u>Seeger v. AFNI, Inc.</u>, 2006 WL 2290763 (E.D. Wis. Aug. 9, 2006). (FDCPA case against AFNI, Inc. for adding a 15% fee to Cingular bills was certified to proceed is a class action.), <u>Seeger v. AFNI, Inc.</u>, 548 F.3d 1107 (7th Cir. 2008). (AFNI, Inc.'s demand for an additional 15% collection fee violated § 1692f(1) since the charge was not authorized by law or the underlying contract; applicable state law only permitted such a recovery if the amount was actually incurred as an out-of-pocket cost of collection and not, as attempted here, to unlawfully ''permit[ ] a third-party purchaser of an account to recover its internal costs.''), <u>Butto v. Collecto Inc.</u>, 2013 U.S. Dist. LEXIS 45502, 2013 WL 1285577 (E.D.N.Y. Mar. 29, 2013). (Granting Class certification as to a letter which included a collection fee for Verizon service which had not yet been incurred at the time the letter was sent.)

18. Said letter violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1) for attempting to collect prohibited Collection Fees.

19. In addition, the said letter stated in pertinent part as follows: "**Urgent!** Your continued failure to respond to our repeated requests for payment of the above obligation will compel us to resort to additional collection action to collect this debt."

20. The said language imposed upon the Plaintiff a false sense of urgency and false sense of great importance concerning the matter, where the Plaintiff was made to feel obligated to retain an attorney.

21. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10) and 1692e(11) for making "false statements which constituted false or misleading representations creating a false sense of urgency."

22. Defendant also threatened serious adverse consequences in the said collection letter dated August 15, 2014, specifically stating: "**Your account may be reported to a nationwide credit bureau if payment in full is not received, or you fail to contact our office. Credit information reported to the bureau can remain on your record for up to seven (7) years.**"

23. Upon information and belief, Defendant did not intend to report Plaintiff's account to a nationwide credit bureau.

24. The Defendant's said statement that it would report the account to a nationwide credit bureau was a tactic to scare Plaintiff and the least sophisticated consumer into paying the debt.

25. The Defendant's said statement was therefore a threat to take an action not intended to be taken by the Defendant, in violation of the FDCPA, § 1692e(5).

26. The Defendant's said statement also constitutes a deceptive and misleading representation or means used in connection with the collection of a debt and for stating

false credit information, in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8) and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

27. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty six (26) as if set forth fully in this cause of action.

28. This cause of action is brought on behalf of Plaintiff and the members of three classes.

29. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Rennet Vogel Mandler & Rodriguez; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1).

30. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Rennet Vogel Mandler & Rodriguez; and (b) that the Defendant made false statements and created a false sense of urgency; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10) and 1692e(11).

31. Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Rennet Vogel Mandler & Rodriguez; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8) and 1692e(10) for making false and deceptive threats of credit reporting and for stating false credit information.

32. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    (c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

    (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

33. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

34. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

36. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

37. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
January 16, 2015

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein___
Adam J. Fishbein (AF-9508)

AmerAssist A/R Solutions
P.O. Box 26095
Columbus, OH 43226

 **PRIORITY LETTER**

### ACCOUNT IDENTIFICATION

| | |
|---|---|
| Date: | 8/15/2014 |
| Transmitter No. | ACCT - 515446 |
| Creditor No. | 8500-60210 |

67142\678500-60210\   041 18516397   0000281/0003

**Alexander Gregory**
**128 Marine Ave Apt 4L**
**Brooklyn, NY 11209-7538**

Rennert Vogel Mandler & Rodriguez
Ref: Fontainebleau III
100 SE 2nd Street, Suite 2900
Miami, FL 33131

| | |
|---|---|
| Amount Claimed: | $782.77 |
| Client Collection Charge: | $12.00 |
| Total Due: | $794.77 |

**Urgent!** Your continued failure to respond to our repeated requests for payment of the above obligation will compel us to resort to additional collection action to collect this debt. If you cannot remit payment in full you must contact us immediately at (614) 431-3888 to discuss your options.

**Your account may be reported to a nationwide credit bureau if payment in full is not received, or you fail to contact our office. Credit information reported to the bureau can remain on your record for up to seven (7) years.**

Your credit standing can be maintained by enclosing this communication with your remittance or by making immediate payment arrangements. Neglect ruins more credit than dishonesty.

This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

*Jon Bonar*
Jon Bonar,
Regional Collection Officer

- See reverse side for important consumer information -

© Copyright 2014 AmerAssist A/R Solutions, Inc.

05-08-S-L/ 67142